# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION
## C.A. No. 1:10-cv-00091

| | |
|---|---|
| JOY ANNE THOMAS, )<br>   Plaintiff, )<br> )<br>vs. )<br> )<br>SESSOMS & ROGERS, P.A.; )<br>LEE C. ROGERS, )<br>   Defendants. )<br>_____ ) | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Joy Anne Thomas, (hereinafter "Ms. Thomas") is an innocent third party consumer who was harassed, oppressed, and abused by the Defendants attempting to collect a debt that is not hers from a non-existent entity. The Defendants also used the North Carolina State Courts attempting to collect this alleged debt from a non-existent entity. Ms. Thomas files this action for damages as an individual consumer for Defendants' violations of the Fair Debt Collections Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§ 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices by these Defendants and their agents in their illegal efforts to collect a consumer debt from Ms. Thomas.

## INTRODUCTION

When it enacted the FDCPA, Congress found there to be abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Two of Congress' stated purposes in enacting the FDCPA were to eliminate abusive and

deceptive debt collection practices by debt collectors and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. *U.S. v. National Financial Services, Inc.*, 98 F.3d 131, 135 (4th Cir. 1996).

Ms. Thomas, by and through her undersigned attorney, sues the Defendants, Sessoms & Rogers, P.A. (hereinafter "Defendant S&R") and Lee C. Rogers (hereinafter "Defendant Rogers"), alleges, and says as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the FDCPA in their illegal efforts to collect a consumer debt from Ms. Thomas.

3. Venue is proper in this District because the acts and transactions occurred here, Ms. Thomas resides here, and Defendants transact business here.

4. This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d).

## PARTIES

5. Ms. Thomas is a natural person residing in the City of Greensboro, County of Guilford, State of North Carolina, and is a "consumer" and/or a person affected by a violation of the Fair Debt Collection Practices Act (hereinafter, "FDCPA") under 15 U.S.C. §§ 1692a(3) and 1692k .

6. The alleged debts that were the subject of the underlying action were

3

incurred as a result of a credit card and personal loan taken out by Ms. Thomas many years ago when she still lived in New Jersey.

7. The indebtedness resulted from a personal credit card account, and the charges were incurred for primarily family, personal or household uses, bringing Defendants' collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

8. Defendant S&R is a corporation organized under the laws of the State of North Carolina.

9. Defendant S&R is located at 3326 Chapel Hill Boulevard, Suite A-200, Durham, North Carolina.

10. Defendant S&R is a law firm.

11. Defendant S&R is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

12. Defendant S&R regularly attempts to collect consumer debts alleged to be due to another.

13. Defendant S&R was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and the alleged debt in this matter is a "debt" as that term is defined by the FDCPA at 15 U.S.C. § 1692a(5).

14. Defendant Rogers is an attorney licensed by the State of North Carolina.

15. Defendant Rogers is a named partner of Defendant S&R.

16. Defendant Rogers is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

17. Defendant Rogers regularly attempts to collect consumer debts alleged to

4

be due to another.

18. Defendant Rogers was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

19. On or about February 6, 2009, Defendants filed two lawsuits against Ms. Thomas in Guilford County District Court, Greensboro, North Carolina.

20. The lawsuits were numbered Guilford County Case Nos. 09-CVD-3970 and 09-CVD-3791.

21. Defendants filed both lawsuits on behalf of "Skyline Federal Credit Union" (hereinafter "Skyline").

22. In the Complaint of each lawsuit, Defendants described "Skyline" as "a federally chartered credit union organized under the laws of The United States of America with a principal place of business in New York, New York."

23. At the time that Defendants filed the lawsuits, Skyline was not a federally chartered credit union.

24. In fact, upon information and belief, based on communications with the staff of the National Credit Union Administration (hereinafter "NCUA"), Skyline had ceased to exist on or about June 30, 2008.

25. Upon information and belief, based on communications with the staff of the NCUA, on or about June 30, 2008, Skyline had merged with another credit union.

26. Upon information and belief, based on communications with the staff of the NCUA, after its merger with another credit union, Skyline's charter became inactive.

5

27. On or about April 3, 2009, Ms. Thomas' defense counsel, Attorney Suzanne Begnoche (hereinafter "Attorney Begnoche"), answered both Complaints on Ms. Thomas' behalf, denying that Skyline was a legal entity and denying that Skyline was a real party in interest.

28. Also, on or about April 3, 2009, Attorney Begnoche notified Defendants by letter that Skyline did not exist.

29. In the letter, Attorney Begnoche asked Defendants to substitute a real party in interest.

30. Attorney Begnoche also sent with the letter discovery requests regarding the true identity of the party bringing the lawsuits against Ms. Thomas.

31. Defendants did not respond to Attorney Begnoche's letter.

32. Defendants did not respond to Ms. Thomas' discovery requests, other than to move to extend their time to respond to such.

33. On or about April 14, 2009, Attorney Begnoche further provided Defendants by mail with documents received from NCUA regarding Skyline's merger.

34. Attorney Begnoche asked Defendants again to clarify exactly what legal entity was pursuing the lawsuits against Ms. Thomas.

35. Again, Defendants did not respond to Attorney Begnoche's letter.

36. On May 1, 2009, and several times thereafter, Attorney Begnoche also attempted to reach Defendants about Ms. Thomas' case by telephone calls leaving messages with their employee or agent, Attorney Donna Primrose.

37. Neither Attorney Primrose nor Defendants ever returned Attorney

6

Begnoche's voicemail messages.

38. By mid-May, the Trial Court Administrator for Guilford County notified Ms. Thomas that one of the lawsuits brought by Defendants, Case No. 09-CVD-3970, was scheduled for a court-ordered arbitration hearing on June 5, 2009.

39. Attorney Begnoche continued in her attempts to get a response from Defendants to her questions about the true identity of the party bringing the lawsuits against Ms. Thomas; however, Defendants continued to ignore her inquiries.

40. Instead, Defendants proceeded forward with the court-ordered arbitration process by submitting pre-arbitration submissions in Case No. 09-CVD-3970 to Attorney Begnoche.

41. Defendants' pre-arbitration submissions included an Affidavit of Account.

42. The Affidavit of Account included in the pre-arbitration submissions purported to be from an officer or authorized representative (signature illegible) of "Skyline Federal Credit Union," a "New York Limited Liability Company" and was dated July 11, 2008.

43. Skyline was no longer in existence on July 11, 2008.

44. Skyline was never a New York Limited Liability Company.

45. In addition, the Affidavit of Account included in the pre-arbitration submissions included a sworn statement that "if a statement of account is attached hereto, that statement is a true and accurate accounting . . ."

46. The Statement of Account attached to the Affidavit, however, was for a different account number and amount and was dated May 22, 2009, ten months after the

7

date of affiant's affidavit.

47. Also, in the pre-arbitration submissions for case 09-CVD-3970, Defendants variously represented that the alleged debt had account number 06900 175697 CC; account number 16900 175696 CC; and account number 40472003.

48. Further, in pre-arbitration submissions for case 09-CVD-3970, Defendants variously represented that the alleged debt was in the amount of $1463.79; $4,080.45; $1,621.32; and $1,469.57.

49. On or about May 29, 2009, Defendants voluntarily dismissed both lawsuits without explanation.

50. As a result of Defendants' actions, Ms. Thomas has suffered damages, including anxiety, emotional distress, inconvenience, missed work, attorney's fees, and litigation expenses incurred in defending herself against the lawsuits Defendants brought in the name of a non-existent entity.

## TRIAL BY JURY

51. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### Count One:

### Violations of the Fair Debt Collection Practices Act

### 15 U.S.C. §§ 1692, *et. seq.*

52. The allegations of the preceding paragraphs are restated and incorporated by reference as if set forth fully herein.

53. Defendants herein have violated the Fair Debt Collection Practices Act by actions that include, but are not limited to, the following:

   a. Defendants, in filing suit using the name of a non-existent entity, have used a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10), and have used unfair and unconscionable means in attempt to collect a debt, in violation of 15 U.S.C. § 1692f;

   b. Defendants, in representing in their lawsuit Complaints that a non-existent entity owned the alleged debts and had the capacity to sue on them, and thereafter not using the Rule 17 safe harbor provision to ratify, join, substitute, or otherwise amend this complained-of element of the Complaints, have made false, deceptive, and misleading representations about the character, amount, and legal status of an alleged debt, in violation of the FDCPA at 15 U.S.C. § 1692e(2)(A), have used a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10), and have attempted to collect fees, expenses or other charges that are not authorized by any agreement or under law, in violation of 15 U.S.C. § 1692f(1);

   c. Defendants, in submitting a false, deceptive, and misleading pre-arbitration affidavit and misleading pre-arbitration documents to Attorney Begnoche in a collection suit, have used a false representation or deceptive means to

9

collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10), and have used unfair and unconscionable means in attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

54. As a result of Defendants' violations of the FDCPA, Ms. Thomas is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) from each; statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from each; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joy Anne Thomas prays the Court to:

1. Award her on her First Cause of Action actual damages in an amount to be determined at trial from each and every Defendant jointly and severally and statutory damages of $1,000.00 from each and every Defendant pursuant to the violations of the Fair Debt Collection Practices Act alleged therein;

2. Award her the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant jointly and severally;

3. Award her the costs of suit, any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from each and every Defendant jointly and severally;

4. Grant trial before a jury on all issues so triable; and

5. Grant such other and further relief as the Court deems just and proper.

THIS the 3rd day of February, 2010.

Respectfully submitted,

MARTIN ATTORNEY AT LAW, PLLC

By: /s/Angela O. Martin
Angela O. Martin, Esq.
NC Bar 34951
Attorney for Plaintiff
Martin Attorney at Law, PLLC
1911 Keller Andrews Road
Sanford, North Carolina 27330
(919) 708-7477, FAX: (888) 872-4232
angela@angelamartinlaw.com

11